Harris E. MANUS and wife, Mrs. Harris E. Manus, Plaintiffs-Appellees,

v.

Calvin Ellsworth TURNER and Bowman Transportation Company, Defendants-Appellants.

Court of Appeals of Tennessee, Western Section.

Nov. 27, 1972.

Jerry D. Kizer, Jr., Sidney W. Spragins, Jackson, for defendants-appellants.

John F. Kizer, Milan, for plaintiffs-appellees.

CARNEY, Presiding Judge.

Plaintiff Harris E. Manus, a citizen of Gibson County, Tennessee, was injured in a pickup truck—tractor-trailer collision on March 28, 1970, on Highway 70 between

Milan and Gibson, Tennessee. Plaintiff Harris E. Manus brought suit for personal injuries and property damage to his 1960 pickup truck. His wife, the other plaintiff, brought suit for loss of her husband's services, society, affection and consortium. The jury awarded Mr. Manus $45,000.00 for personal injuries, $650.00 for property damages and did not award Mrs. Manus anything for loss of services and consortium. The defendants, Calvin Ellsworth Turner, driver, and Bowman Transportation Company, owner of the tractor-trailer, have appealed and assigned error.

Assignment of error No. 1 insists that His Honor the Trial Judge erroneously found the plaintiff, Harris Manus, free from contributory negligence and erroneously failed to submit to the jury the question of the plaintiff's alleged contributory negligence.

There is little dispute as to the manner in which the accident occurred. The plaintiff, Manus, accompanied by his two friends, Blazer and Dunn, was traveling generally in a western direction in a 1960 pickup truck. The defendant, Calvin Ellsworth Turner, was proceeding easterly along Highway 79 in a 1964 International truck and trailer owned by his employer, Bowman Transportation Company. At a point near Stewart's Store an elderly lady walked across the highway generally from north to south in front of the defendant Turner's tractor-trailer. The defendant Turner applied his brakes and pulled his tractor-trailer to his left to avoid striking the lady pedestrian; his tractor-trailer rig went into a jackknife, plunged across the center line directly in front of the pickup truck driven by the plaintiff Manus and the collision resulted.

Plaintiff Manus testified that he was looking down the road and he saw the elderly lady cross the highway and saw the defendant's tractor-trailer approaching from the west about 350 feet from the lady; that he saw nothing to indicate to him that the tractor-trailer was about to jackknife across the center line and did not apply his brakes until the tractor-trailer suddenly loomed up in front of him as it slid across the center line and that the tractor-trailer was stopped or almost stopped at the time he, Manus, ran into the tractor-trailer; that he pulled off to the right and one of his wheels was off the highway at the time of the collision and further that if he had thought the defendant was going to cross the center line he would have pulled off the highway. The plaintiff said the vehicles were approximately thirty feet apart when the tractor-trailer came across the center line.

One of the passengers in the plaintiff's truck, Archie Dunn, testified that he noticed smoke coming from the back tires of the tractor-trailer rig when it was about 60 yards away from the plaintiff's truck and he assumed that the tractor-trailer was trying to stop for the old lady who was crossing the highway but he saw no reason for the tractor to stop since she was nearly off the highway. The passenger, Dunn, did not make any comment to the plaintiff, driver of the pickup, about the smoke from the rear tires of the tractor-trailer.

Defendants' witness, Roger Ferrell, who had been following the tractor-trailer rig for several miles, testified that he had been traveling at about 50 miles per hour and that he pulled around to the left of the tractor-trailer preparatory to passing the tractor-trailer when he saw the elderly lady up ahead of him on the north side of the highway; he sensed that she was about to cross the highway so he slowed down and did not pass the rig; that he then saw the lady walk across the highway from north to south and he pulled back in behind the tractor-trailer rig; that the driver, Turner, applied his brakes, smoke from the tires came up in front of the Ferrell automobile and the tractor-trailer swerved to the left, skidded down the highway and then jackknified across the highway and collided with the pickup driven by the plaintiff.

The defendant Turner testified that he was traveling empty at about 50 to 55 miles per hour; that he saw the elderly lady up in front of him start across the road; that he decelerated his truck; and as he got closer to her, he realized that possibly she would not make it across the road in front of his truck and he applied his brakes, lost control of the truck and the truck jackknifed across the highway into the path of the plaintiff's truck. He testified further that he did not see the plaintiff's truck before the collision. The defendant's truck laid down skid marks of about 230 feet. The elderly lady made it across the road and was not injured. Plaintiff was driving 30 to 40 miles per hour.

The question posed by defendants' assignment of error is whether reasonable men might differ as to whether or not the plaintiff Manus was guilty of any negligence which proximately contributed to his injuries.

■ We hold that reasonable men could not differ on the proximate cause of the accident. The jury rejected defendants' theory of sudden emergency. The undisputed facts show that the cause of the accident was the negligence of the defendant driver, Turner, in failing to relate the speed of his empty trailer rig to the distance from the elderly lady whom he saw crossing the highway 350 feet in front of him and in losing control of his tractor-trailer after suddenly applying the brakes so that the truck "jackknifed" across the center line directly into the path of the plaintiff's truck. There is no evidence indicating that the plaintiff should have anticipated that the defendants' truck would jackknife across the center line of the highway just thirty feet in front of the plaintiff's truck. It is true that the plaintiff's guest passenger, Dunn, saw smoke from the wheels of the trailer rig indicating to him that the trailer was stopping but Dunn, who saw the smoke, did not anticipate any danger to himself or the other occupants of the plaintiff's truck and said

nothing to the plaintiff or the other occupant, Blazer. So, if the plaintiff had, in fact, seen the smoke from the tires of defendants' tractor-trailer rig, we must assume that the situation would not have appeared to him any more fraught with danger than it appeared to his passenger, Dunn, who saw the smoke. Therefore, we hold that His Honor the Trial Judge correctly found the plaintiff free from contributory negligence as a matter of law and properly refused to give the charge of contributory negligence requested by the defendants. Assignment of error No. I is, therefore, respectfully overruled.

■ Assignment of error No. II insists that His Honor the Trial Judge denied a mistrial after plaintiff's attorney asked the witness Charles Blazer if the defendant, Bowman Transportation Company, had not settled with him for his personal injuries sustained in the accident to which the witness Blazer replied in the affirmative. His Honor the Trial Judge refused the mistrial but sustained an objection to the testimony and instructed the jury to disregard the same. Counsel for the plaintiff submits that the question and answer were competent under the authority of Tennessee Coach Co. v. Young, 18 Tenn.App. 592, 80 S.W.2d 107, but admits that the case has been severely criticized by text writers. So far as we can ascertain the holding of Tennessee Coach Co. v. Young has not been overruled by our Tennessee Supreme Court nor by an act of the Legislature. Therefore, under the facts of this case we feel constrained to follow the holding. However, in our opinion, the verdict of the jury would have been the same as to liability of the defendant Turner if the question had not been asked and/or answered. Therefore, we hold that if the Trial Judge erred, it was only harmless error. T.C.A. Section 27–117.

■ Turning now to assignment of error No. III that the verdict of the jury for personal injuries is excessive, we observe that the plaintiff is 46 years of age; he

was hospitalized after the collision for five weeks with his hip and neck in traction; two discs were removed from his back. The plaintiff is employed by a leather finishing company formerly known as Trostel Industries and later purchased by Genesco and more recently became known as the Volunteer Leather Company. He had been employed at the leather company for nine years prior to the accident. He classified his job as "slinging cowhides" which he explained was taking the cowhides from a conveyor as they came from the dryer and racking them on a horse or peg and that in a normal eight-hour day he would sling 4,000 cowhides. He testified that after his injuries he was unable to perform at his former job because of the physical disability. His employer, because of his good record, gave him a much easier job, namely of walking around and inspecting the work of other employees to see that the finish on the leather is properly done at the various machines. He testified that at the time of the trial he still experienced pain in his left arm, leg and neck; that he had to carry his left arm close to his body to prevent it from swinging because motion increased the pain in the arm and that the arm had become palsied; that he is most comfortable when he is standing and can only sit on hard-bottomed chairs; that he can enjoy television only by sitting on his knees and resting his head on the back of the chair and has to assume a similar position at times to eat his meals. His family physician considered him 45% permanently disabled and indicated that his condition would worsen rather than improve. Plaintiff incurred medical expenses in the amount of $3,900.00 and sustained lost wages in the amount of $2,300.00. The plaintiff has a tenth grade education. At the time of the accident the plaintiff was making $2.17 per hour and at the time of the trial, because of increases in pay schedules for all employees, he was making $2.42 per hour. His employer testified that he was unable to perform his former job with the company.

The jury and the Trial Judge saw and heard the plaintiff and his witnesses upon the trial. From a consideration of the entire record before this Court, we cannot say that the verdict, as rendered by the jury and approved by the Trial Judge, is excessive. Assignment of error No. III is, therefore, respectfully overruled.

The judgment of the lower Court is affirmed with interest from the date of overruling the motion for a new trial, and defendants are taxed with the costs in the Court below and in this Court.

MATHERNE and NEARN, JJ., concur.